| | |
|---|---|
| Louis Racick ) | |
| Plaintiff, ) | |
| vs. ) | **MEMORANDUM IN SUPPORT OF** |
| ) | **PLAINTIFF'S MOTION TO STRIKE** |
| Dominion Law Associates, a division ) | **DEFENDANTS' AFFIRMATIVE** |
| of Pender Coward; ) | **DEFENSES** |
| T. Camille French, ) | |
| Defendants. ) | |

## MEMORANDUM

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

COMES NOW Plaintiff Louis Racick, by and through counsel, and files this Memorandum in Support of his Motion to Strike defendants' THIRD, FIFTH, SIXTH, SEVENTH, EIGHTH, NINTH, TENTH, TWELFTH, and THIRTEENTH affirmative defenses[1] pursuant to FED. R. CIV. P. 12(f), and Local Rules 7.1 and 7.2, and states the following:

**I.    BACKGROUND**

On February 24, 2010, plaintiff filed this action pursuant to the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §§ 1692, *et seq.*, seeking redress for defendants' conduct in attempting to collect a debt from him which he did not owe, by placing a judgment against him on the Judgment Docket of Cumberland

---

[1] Originally, plaintiff did not present an objection to Defendants' SECOND, FOURTH, ELEVENTH and FOURTEENTH affirmative defenses in the letter dated April 23, 2010. Upon further research and legal analysis, this Court should similarly strike these defenses, granting leave to amend so as to require defendants to provide plaintiff with the requisite averments and factual bases according to the Rules. Plaintiff does not expressly request the Court to strike these defenses in this Motion since defendants have not been put on fair notice that these three specific defenses are likewise objectionable.

1

County, North Carolina, by sending collection letters to him, by calling him when he was represented by counsel, and by taking no steps to release the Judgment. (D.E. #1.)

On April 9, 2010, defendants filed their Answer to the Complaint, which included 13 affirmative defenses. (D.E. #5.) Without exception, each affirmative defense consists of one sentence and contains no facts whereby plaintiff cannot conceivably be put on fair notice as to the factual or legal basis for the purported defenses.[2] Thus, on April 23, 2010, in an attempt to "keep costs down," plaintiff's counsel notified defendants' counsel in writing (sent via e-mail) that defendants' affirmative defenses were legally insufficient, stating a brief argument as to the merits of each, and requesting a withdrawal of the respective defenses. See, Exhibit 1, a copy which is attached hereto.

On April 29, 2000 and, having heard nothing in response to the April 23rd letter, plaintiff's counsel once again sent the letter to defendants' counsel via fax machine, again requesting withdrawal of the affirmative defenses. On that same day, plaintiff's

---

[2] In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), (in the barest nutshell and without doing justice to this important decision) the Supreme Court announced heightened pleading standards which, must contain sufficient factual allegations to provide fair notice to the other party. Plaintiff has found no circuit authority applying the *Twombly* standard to affirmative defenses. The district courts are divided as to its applicability. The courts which have held that *Twombly* applies have based their holding on various reasons, including (1) reducing frivolous affirmative defenses which waste the court's time, and (2) the similarity of the Rule 8(a) for complaints and Rule 8(b) for defenses. Courts finding that *Twombly* does *not* apply have relied on two main reasons: (1) Rule 8(c), which specifically refers to *affirmative defenses* (as opposed to Rule 8(b) applying to *defenses*), should apply and 8(c) is *not* similar to the language of 8(a); and (2) even if 8(b) does apply, the language is not identical to the language in 8(a). The following cases are illustrative for cases holding that the *Twombly* plausibility standard *does* apply to affirmative defenses: *Home Mgmt. Solutions, Inc. v. Prescient, Inc.,* No. 07-20608-CIV (S.D. Fla. Aug. 21, 2007); *United States v. Quadrini*, No. 2:07-CV-13227 (E.D. Mich. Dec. 6, 2007); *Holtzman v. B/E Aerospace, Inc.*, No. 07-80551-CIV (S.D. Fla. May 29, 2008); *Tracy v. NVR, Inc.,* No. C 09-02429 WHA, (W.D.N.Y. Sept. 30, 2009). These cases have held that the *Twombly* plausibility standard *does not* apply to affirmative defenses: *Westbrook v. Paragon Systems, Inc*., Civil Action 07-0714-WS-C (S.D. Ala. Nov. 29, 2007); *First Nat'l Ins. Co. of America v. Camps Services, Ltd*., No. 08-cv-12805 (E.D. Mich. Jan. 5, 2009); *Romantine v. CH2M Hill Engineers, Inc.*, Civil Action No. 09-973, 2009 WL 3417469 (W.D. Pa. Oct. 23, 2009).

2

counsel received an unsigned letter via e-mail from opposing counsel. The letter itself was dated April 27, 2010. In the letter, defendants stated that they have properly asserted these affirmative defenses, that their defenses are in good faith, and that in pursuing this Motion plaintiff is somehow desiring "to incur further expense" for both parties. See, Exhibit 2, a copy of which is attached hereto. Obviously, defendants could have avoided incurring expenses by not even raising the frivolous and legally insufficient affirmative defenses at the outset. By point of fact, should the Court grant plaintiff's Motion and eliminate defendants' legally insufficient, frivolous affirmative defenses, the parties and the Court will save time, money, and resources necessary to litigate this action by honing in on the relevant issues of this case.

Defendants filed their Answer to the Complaint on April 9, 2010, thereby requiring this Motion to Strike to be filed within 21 days thereof. FED. R. CIV. P. 12(f). Since defendants have failed to either amend or to withdraw the defective defenses plaintiff has filed the instant Motion to Strike.

## II. <u>ARGUMENT</u>

### A. Standards under Rule 12

#### 1. FED. R. CIV. P. 8(b), 9(b)

The Rules of Civil Procedure require a short plain statement of claims and defenses. At the same time, Rule 9 imposes heightened pleading requirements on pleaders who allege certain types of claims or defenses, including mistake, which in essence is the same as the bona fide error defense under the FDCPA. These rules provide a receiving party (and the court) with notice of the nature of what is at issue.

3

Consequently, the leader must always provide sufficient information to allow the receiving party fair notice. This must include the "who, what, where, and when" that underlie the pleading. In this case, defendants have failed to provide any factual underpinnings of their affirmative defenses and instead only provide conclusory and improper defenses. The Federal Rules address these deficiencies and affirmative defenses by expressly permitting the Court to strike affirmative defenses that are frivolous or legally insufficient. Because defendants' purported affirmative defenses fail to comply this Court should strike them.

**2.** FED. R. CIV. P. 12(f)

Plaintiff brings this motion pursuant to FED. R. CIV. P. 12(f), which provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent or scandalous matter." Rule 12(f). While it is true that as a general rule affirmative defenses must be raised in an answer or they are waived, *see, Brinkley v. Harbour Recreation Club*, 180 F.3d 598, 612 (4th Cir. 1999), defendants have the duty to raise only defenses that are relevant and not frivolous. Defenses that are invalid under the facts alleged, and which would confuse the issues in the case, should be stricken. *See*, *Allapattah Services, Inc. v. Exxon Corp.*, 370 F. Supp. 2d 1344, 1371 (S.D. Fla. 2005). The objective of such strikes is to eliminate legally insufficient defenses, the trial of which would otherwise unnecessarily waste time and money. *See*, *E.E.O.C. v. Bay Ridge Toyota, Inc.*, 327 F. Supp. 2d 167 (E.D.N.Y. 2004).

In *West Management Holdings, Inc. v. Gilmore*, 252 F.3d 316 (4th Cir. 2001), the Fourth Circuit addressed the issue of legally insufficient affirmative defenses. The Circuit

4

upheld the district court in striking the defendants' purported affirmative defense. Citing to Wright & Miller's treatise on *Federal Practice & Procedure* § 1380, 647, 665 (2d ed.1990), the Circuit acknowledged that while "Rule12(f) motions are <u>generally</u> viewed with disfavor because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory tactic … [n]evertheless, a defense that might confuse the issues in the case and would not, under the facts alleged, constitute a valid defense to the action <u>can and should be deleted</u>." *Id.* at 347 (internal quotations omitted) (emphasis added).

Furthermore, this Court has recognized that a "motion to strike is a severe measure and it is generally viewed with disfavor, because it is difficult to establish that a defense is clearly insufficient. However, when such a showing is made, the court should grant a motion to strike "<u>to avoid unnecessary time and money</u> in litigating invalid, spurious issues." *Spell v. McDaniel*, 591 F. Supp. 1090, 1112 (E.D.N.C. 1984) (internal citations omitted) (emphasis added). "Striking such defenses is a proper means of expediting legal proceedings." *Id.* (citing *United States v. 416.81 Acres of Land*, 514 F.2d 627 (7th Cir. 1975); *Klemens v. Air Line Pilots Association International*, 500 F. Supp. 735 (W.D. Wash. 1980).

A court may strike a defense that is clearly insufficient as a matter of law. *Microsoft Corp. v. Computer Support Servs. of Carolina, Inc.*, 120 F. Supp. 2d 945, 949 (W.D.N.C. 2000) (quotation and citation omitted). One of the purposes of a motion to strike is to gain an early adjudication by the court of the legal sufficiency of defenses set forth in a defendant's answer. *First Financial Sav. Bank, Inc. v. American Bankers Ins.*

5

*Co. of Florida,* Inc. 783 F.Supp. 963, 966 (E.D.N.C. 1991) (citing *United States v. Southerly Portion of Bodie Island*, 114 F. Supp. 427 (E.D.N.C. 1953)).

The FDCPA generally is a "strict liability" statute. *See, e.g. Ross v. R.J.M. Acquisitions Funding LLC*, 480 F.3d 493 (7th Cir. 2007); *Clark v. Capital Credit & Collection Serv's Inc.*, 460 F.3d 1162, 1176 (9th Cir. 2006); *Borcherding-Dittloff v. Transworld Sys., Inc.*, 58 F. Supp 2d 1006 (W.D. Wisc. 1999) (argument that no harm was done was unavailing because the FDCPA is a strict liability statute); *Ditty v. Check Rite, Ltd.*, 182 F.R.D. 639 (D. Utah 1998) (no reliance by the plaintiff is necessary to make a violation of the statute). The FDCPA explicitly sets forth two affirmative defenses that are an exception to strict liability. The first is found at 15 U.S.C. § 1692k(d), there is a one-year statute of limitations from the date on which the violation occurs. The second is found at 15 U.S.C. § 1692k(c), the bona fide error defense.[3]

Under the statutory maxim *expression unius ist exclusio alterius*, the plain language of the FDCPA strongly suggests that Congress' creation of affirmative defenses within the FDCPA were intended to exclude all other affirmative defenses. *See, e.g. TRW Inc. v. Andrews*, 534 U.S. 19, 28 (2001), with the possible exception to those affirmative defenses expressly stated in Rule 8(c) that are unaffected by the FDCPA's strict liability reading. *Cf. Astoria Fed. Savings & Loan Ass'n v. Solimino*, 501 U.S. 104, 108 (1991) ("the courts may take it as given that Congress has legislated with an expectation that the principle apply except when the statutory purpose to the contrary is

---

[3] On April 21, 2010, the Supreme Court issued its decision in the case of *Jerman v. Carlisle,* No. 08-1200, holding that the § 1692k(c) bona fide error defense does not apply to a violation resulting from a debt collector's mistaken interpretation of the legal requirements of the FDCPA. A copy of the decision is attached hereto as Exhibit 3.

6

evident").

District Judge Robert Holmes Bell of the Western District of Michigan, had an occasion to assess the viability of affirmative defenses under the FDCPA in the case of *Glover v. Elliott*, No. 1:07-cv-648 (E.D. Mich. October 2, 2007). When met with the myriad of affirmative defenses asserted similarly as defendants herein, Judge Bell struck them for being "boilerplate pleading ... with no conceivable basis in law or fact," lacking factual basis that would provide fair notice to the plaintiff, "improperly alleged," for perhaps being "appropriate in a state court case" but having no bearing in an FDCPA action, and being inapplicable equitable defenses that are facially "insufficient." *Id.* For the authorities set forth above, and for the express reasons set forth below, this Court should strike defendants' affirmative defenses as being legally insufficient and frivolous.

**B.** Defendants' Third affirmative defense: applicable statutes of limitations

Defendants assert that the applicable "statutes of limitations" is an "absolute bar" against plaintiff's claims. Because this defense lacks depth and specificity, plaintiff is uncertain as to which statutes of limitations apply in this defense. Plaintiff has pled the FDCPA as his sole cause of action. If other statutes apply, plaintiff is unaware of them and this Court should, at this point, force defendants to identify such statutes. The statute of limitations under the Act expires "within one year from the date on which the violation occurs." 15 U.S.C. 1692k(d). Plaintiff brings this action based solely on events that occurred within the year prior to the date of filing.

By way of specific example, paragraph 38 of the Complaint alleges that defendants contacted plaintiff by sending a letter to collect on a debt that was not his on

or about March 10, 2009. By way of further example, the Complaint alleges that plaintiff had to endure court proceedings from September 2009 through November 2009 for a debt that was not his. By way of final example, paragraph 45 of the Complaint specifically alleges that on September 28, 2009, defendant Dominion Law Associates, a division of Pender Coward, contacted plaintiff directly regarding a debt collection proceeding even though they had actual knowledge that he was represented by an attorney.

Plaintiff filed this action on February 24, 2010. All of the above-cited paragraphs of the Complaint sufficiently alleged violations of the FDCPA occurring within one year thereof. Because the FDCPA is a strict liability statute a single violation within the requisite one-year time period suffices to establish a debt collector's liability. *See, e.g. Pernell v. Arrow Financial Services, L.L.C.*, No. 07-1903 (6th Cir. Dec. 16, 2008).

In their Answer at page 6, paragraph 38, defendants admit that they sent a letter to plaintiff on or about March 9, 2009. Additionally in defendants' Answer at page 7, paragraphs 47 and 48, defendants likewise admit that they contacted plaintiff after he was represented by counsel in connection with the debt collection proceedings. Either of these admissions suffices at this moment to constitute liability under the FDCPA. Therefore, defendants' statute of limitations defense is factually frivolous, as well as legally insufficient, and this Court should strike defendants' Third affirmative defense.

    **C.**    Defendants' Fifth affirmative defense: a de minimis violation

As discussed above, the statutory scheme of the FDCPA is basically strict liability. Absent the successful litigation of the bona fide error defense, any violation establishes statutory liability, making the offending debt collector responsible for statutory damages, any provable actual damages, and reasonable attorney fees and costs to the successful plaintiff. Thus, for the purposes of liability, there is no such thing as a "de minimis" violation of the FDCPA. Therefore, the court should strike defendants' Fifth affirmative defense.

> **D.** Defendants' Sixth affirmative defense: statutory limitations set forth in 15 USC § 1692.

The only damages demanded in this action arise under the FDCPA as set forth in "15 U.S.C. § 1692." This defense is senseless in that no other damages under any other cause of action have been alleged, pled or demanded. As written, this defense appears to be unrelated to the relief requested and is confusing to plaintiff. Therefore, this Court should strike this defense.

> **E.** Defendants' Seventh, Eighth and Ninth affirmative defenses: proximate results of persons/entities and/or circumstances beyond the control of defendants, and any damage was a result therefrom

The violations of the FDCPA as alleged by plaintiff were caused by defendants attempting to collect on a debt that he did not owe by filing of Judgment against him, as well as other actions and omissions constituting violations of the Act. Defendants are the only entities which have control over the actions and omissions of themselves. Tort defenses are not applicable in the statutory scheme of the FDCPA.

9

Case 5:10-cv-00066-F   Document 9   Filed 04/30/10   Page 9 of 14

Although not a case arising under the FDCPA, the District Court of Maryland addressed the issue of a culpable party trying to immunize itself against statutory liability by claiming acts or omissions of unnamed third parties. In an action brought under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 18 (hereinafter "ERISA"), the court noted that "an affirmative defense that would allow a breaching fiduciary to insulate itself from liability at the expense of the Plan beneficiaries is contrary to the language, structure, and purpose of ERISA". *Openshaw v. Klingenstein*, 320 F.Supp.2d 357, 364-65 (D. Md. 2004).

The defendants in *Openshaw*, similar to defendants in this action, failed to cite any provision of the Act that authorizes persons charged with compliance of the Act to absolve themselves of liability because of another's acts or omissions. "If [defendants] were allowed to assert the proposed defenses, [they] could escape liability ... because another fiduciary engaged in misconduct. Because there is no indication that Congress intended to soften[] the blow of ERISA liability for breaches of fiduciary duty, allowing a fiduciary to immunize itself by asserting the breach of another fiduciary is impermissible under the statute" *Id.* (internal quotations omitted); *see, e.g., U.S. Steel Mining Company, Co., Inc. v. District 17, United Mine Workers of America*, 897 F.2d 149, 153 (4th Cir. 1990) (courts are "constrained to only fashion those remedies that are appropriate and necessary to effectuate the purposes of ERISA").

An affirmative defense that would allow a breaching fiduciary to insulate itself from liability is "contrary to the language, structure, and purpose of ERISA." *Id.* Similarly, this court should constrain itself to fashion remedies that are appropriate and

10

Case 5:10-cv-00066-F   Document 9   Filed 04/30/10   Page 10 of 14

necessary to effectuate the purposes of the FDCPA. The defendants should not be permitted to avoid liability under the FDCPA by suggesting in their one-sentence affirmative defense that some unknown, unidentified parties are responsible for defendants' own acts or omissions in contravention of the Act. For these reasons, this Court should strike defendants' Seventh, Eight, and Ninth affirmative defenses as legally insufficient.

  **F.** Defendants' Tenth affirmative defense: lack of knowledge, intent, purpose, malice, bad faith, recklessness, willfulness, or wantonness

Except for certain provisions, none of which are applicable in the case sub judice, an unintentional violation is a violation.[4] *Ross v. R.J.M. Acquisitions Funding, LLC*, 480 F.3d 493 (7th Cir. 2007); *Booth v. Collection Experts, Inc.*, 969 F. Supp. 1161 (E.D. Wisc. 1997); *Spears v. Brennan*, 745 N.E.2d 862 (Ind. Ct. App. 2001) (consumer need not show intentional conduct). Therefore, this court should strike defendants' Tenth affirmative defense.

  **G.** Defendants' Twelfth affirmative defense: laches, waiver, and/or estoppel

Defendants' Twelfth affirmative defense contains defenses based on equitable principles. Plaintiff has not alleged any claim in equity. These defenses do not fit into a strict liability statute like the FDCPA. A consumer cannot waive FDCPA violations. Additionally, the plaintiff played no role in defendants' decisions for their actions and omissions. Furthermore, there has been no detrimental reliance on which to base estoppel.

---

[4] A lack of intent may be considered by the court in mitigation of FDCPA statutory damages against a culpable defendant, but not for liability under the Act. 15 USC § 1692k(b)(1) and (2). *See, e.g.*, *Bentley v. Great Lakes Collections Bureau*, 6 F.3d 60 (2d Cir. 1993).

Moreover, plaintiff has not "slept on his rights" in any way. The opposite is true. Plaintiff tried unsuccessfully to resolve the issue by way of telephone calls and certified mail. His attempts were met with indifference and silence. He had to retain counsel and enlist the power of a state district court judge to order the removal of the Judgment. Therefore, even if laches were a viable defense under the FDCPA, which it is emphatically not, the defense is wholly and utterly inapplicable to plaintiff.

Another court has explicitly found these equitable affirmative defenses as being "frivolous." *In re Curtis*, 322 B.R. 470, 476, 476 n. 8 (Bankr. D. Mass. 2005) (the court described the debt collector's "affirmative defenses including expiration of statutes of limitation, laches, estoppel, ... [and] waiver as "defendants' frivolous defenses"). The same should be said in the case at bar and this Court should strike defendants' Twelfth affirmative defense.

**H.** Defendants' Thirteenth affirmative defense: mitigation

As stated above, the alleged failure of the consumer to mitigate damages is not an actual "affirmative defense" recognized by Congress as it does not appear within the text of the FDCPA. Instead, Congress has instructed the courts to take into consideration certain "relevant factors" in making a determination as to the amount of liability to be imposed against a debt collector. All of the enumerated factors pertain to the actions of the debt collector. No part of the FDCPA requires a consumer to mitigate damages. Therefore, the failure of plaintiff to mitigate is not a defense to liability under the Act.

Courts have held that the behavior (or misbehavior) of a consumer is not relevant to the validity of a claim under the FDCPA. *See, Fed. Trade Comm' n v. Check*

*Investors, Inc.*, 502 F. 3d 159, 170-71 (3d Cir. 2007) (rejecting a "fraud exception" to the FDCPA); *Keele v. Wexler*, 149 F. 3d 589, 595-96 (7th Cir. 1998); *Bass v. Stolper, Koritzinsky, Brewster & Neider, S. C.*, 111 F. 3d 1322, 1329-1330 (7th Cir. 1997).

The principles established in the above-cited cases based on the language of the FDCPA and its legislative history are applicable here. As stated above, and explained by the Seventh Circuit, the FDCPA "focuses primarily, if not exclusively, on the conduct of debt collectors, not consumers. Absent some textual directive in the FDCPA, we will not alter that focus, for our task is to interpret the words of Congress, not add to them" *Keele*, 149 F. 3d at 595. Since the contested affirmative defenses are legally insufficient and frivolous as a matter of law, this Court should strike them.

### III. CONCLUSION

WHEREFORE, Plaintiff Louis Racick moves this Court to strike defendants' affirmative defenses pursuant to FED. R. CIV. P. 12(f), and for such other and further relief to which he may be entitled.

Respectfully submitted this the 30th day of April, 2010,

        MARTIN ATTORNEY AT LAW, PLLC

        Angela O. Martin, Esq.
        NC Bar 34951
        Attorney for the Plaintiff
        Martin Attorney at Law, PLLC
        1911 Keller Andrews Road
        Sanford, North Carolina  27330
        (919) 708-7477, FAX: (888) 872-4232
        angela@angelamartinlaw.com

THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:10-cv-66-F

| | |
|---|---|
| LOUIS RACICK | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) |
| | ) |
| **DOMINION LAW ASSOCIATES, a** | ) |
| **Division of Pender Coward;** | ) |
| **T. CAMILLE FRENCH** | ) |
| **Defendants.** | ) |

*CERTIFICATE OF SERVICE*

    I certify that on April 30, 2010, I electronically filed the foregoing Memorandum of Law in support of Plaintiff's Motion to Strike Defendants' affirmative defenses with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

    Caren Enloe
    Smith Debnam Drake Narron Saintsing & Myers, LLP
    4601 Six Forks Road, Ste. 400
    Raleigh, NC 27609
    cenloe@smithdebnam.com

Respectfully submitted this the 30th day of April, 2010,

                        MARTIN ATTORNEY AT LAW, PLLC

                        By: /s/Angela O. Martin
                        Angela O. Martin, Esq.
                        NC Bar 34951
                        Attorney for Plaintiff
                        Martin Attorney at Law, PLLC
                        1911 Keller Andrews Road
                        Sanford, North Carolina 27330
                        (919) 708-7477, FAX: (888) 872-4232
                        angela@angelamartinlaw.com