

**Martin, Attorney at Law, PLLC**
Angela O. Martin, Licensed in NC and GA
*Consumer Advocate*

1911 Keller Andrews Road
Sanford, NC 27330
(919) 708-7477
Toll Free: (866) 849-0359
Fax: (888) 872-4232
www.angelamartinlaw.com

April 23, 2010

Ms. Caren Enloe
Smith Debnam Drake Narron Saintsing & Myers, LLP
PO Drawer 26268
Raleigh, NC 27611
(via email only to: cenloe@smithdebnamlaw.com)

Re: Racick v. Dominion Law Associates et al. (E.D.N.C. 10-cv-66-F)

Dear Caren:

I have just reviewed Defendants' affirmative defenses in the above-styled action. As you are aware, the Fair Debt Collection Practices Act is a strict liability statute, and most of the defenses raised are irrelevant and pose no substantial question of law. The Defendants have also raised broad affirmative defenses like estoppel, waiver, and laches without establishing or alleging any factual basis. Irrelevant and overly broad defenses would be stricken on a Rule 12(f) motion. *See, Waste Management Holdings, Inc. v. Gilmore,* 252 F.3d 316 (4th Cir. 2001). In order to keep costs down, I ask you to consider removing the Third, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth, Twelfth, and Thirteenth Affirmative Defenses for the following reasons:

Third Affirmative Defense (Statute of Limitations) – The FDCPA statute of limitations expires one year after a violation occurs. 15 U.S.C. § 1692k(d). At the very least, the Defendants admitted that they sent a letter to Plaintiff on or about March 9, 2009. *See,* Defendants' Answer at 6, ¶ 38. Additionally, Defendants' Answer at 7, ¶¶ 47-48 essentially admits that Defendants contacted Plaintiff after he was represented by counsel. Plaintiff filed this action on February 24, 2010. Either of these violations, in and by themselves, suffices to bring the claim within the one-year statute of limitations. Thus, there is no basis for this defense.

Fifth Affirmative Defense (de minimis violation) – The FDCPA is a strict liability statute. For the purposes of liability, there is no such thing as a de minimis violation.

Sixth Affirmative Defense – The only damages demanded in this action are those permitted under the FDCPA. This defense makes no sense as no other damages under any other cause of action have been alleged, pled or demanded. Thus, either dismiss



this defense or state it more definitely. As written, this defense appears to be unrelated to the relief requested.

Seventh, Eighth and Ninth Affirmative Defenses (Damage caused by persons or entities outside of the control of Defendants) – The violation of the FDCPA was caused by Defendants attempting to collect on a debt not owed by Plaintiff by filing a Judgment against him. Defendants are the only entities which have control over the actions and omissions of themselves. Tort defenses are not applicable in the statutory scheme of the FDCPA.

Tenth Affirmative Defense (Violation was not willful or wanton, bad faith, recklessness, etc.) – A lack of willful or wanton behavior is not a defense to violating a strict liability statute such as the FDCPA.

Twelfth Affirmative Defense (Estoppel, waiver, laches) – This affirmative defense does not fit into a strict liability statute like the FDCPA. A consumer cannot waive service of FDCPA violations. Furthermore, the consumer played no role in Defendants' decisions for their actions and omissions. Finally, there has been no detrimental reliance on which to base estoppel. As stated above, the consumer's claim was brought well within the statute of limitations. Therefore, he has not "slept on his rights" in any way. Laches is not relevant here.

Thirteenth Defense (Mitigation) – The FDCPA lays out the factors to be considered in determining the amount of liability. All of the factors pertain to the actions of the debt collector. No part of the FDCPA requires a consumer to mitigate damages. Therefore, failure to mitigate is not a defense. Moreover, damages in this case arise from the Defendants' actions and omissions under the Act. There are no actions the Plaintiff could have taken to mitigate damages.

In sum, this is a straightforward FDCPA case. The defenses discussed above are not relevant to Plaintiff's claim for statutory and actual damages under the FDCPA. Please discuss the matter with your clients and see whether, in the interests of judicial economy, they are willing to drop these defenses. Because of time limitations under the Federal Rules of Civil Procedure, I would appreciate your response to my requests on or before April 29, 2010. Otherwise, I will be forced to file my client's Motion to Strike under Rule 12(f) on April 30, 2010. I look forward to your positive response.

Sincerely,

MARTIN ATTORNEY AT LAW, PLLC

Angela O. Martin