UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:10-CV-66-F

| | | |
|---|---|---|
| LOUIS RACICK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | ORDER |
| | ) | |
| DOMINION LAW ASSOCIATES, | ) | |
| T. CAMILLE FRENCH, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on Plaintiffs' Motion to Strike Defendants' Affirmative Defenses [DE-8].

## I. FACTUAL AND PROCEDURAL HISTORY

Plaintiff Louis Racick ("Plaintiff" or "Racick") initiated this action on February 24, 2010, alleging one claim for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"). Specifically, Plaintiff alleges that a non-party to this action, RAB Performance, sued a "Louis Racick" ("the Judgment Debtor") in Kings County Civil Court in New York on a VISA credit card issued by First National Bank of Marin and obtained a judgment. Plaintiff contends that he is not the "Louis Racick" who is the Judgment Debtor in the New York action. Plaintiff alleges that on June 16, 2008, Defendants filed the foreign judgment on behalf of RAB Performance against Plaintiff in Cumberland County. According to Plaintiff, a Cumberland County deputy sheriff attempted to serve the judgment on him on June 17, 2008, but ultimately declined to make service once Plaintiff showed proof that his social security number did not match that of the Judgment Debtor.

Plaintiff also alleges that Defendants persisted in their attempts to collect money from

him. He contends "[i]n or about February 2009," he attempted to refinance his house and learned that Defendants had done nothing to release the judgment. Plaintiff alleges he also applied for credit to purchase a truck, but the lender would not lend to Plaintiff in his individual capacity because of the judgment listed on his credit report.

Plaintiff alleges that in March 2009 he called Defendants on different occasions to resolve the matter, but Defendant French would not call him back. He also alleges Defendant Dominion sent him a collection letter in March 2009, attempting to collect the debt that belongs to the Judgment Debtor. Plaintiff contends he sent a letter, certified mail return receipt, to Defendant Dominion asking them to correct their error, but he received no response.

More than a year after Defendants filed the notice of foreign judgment, Plaintiff retained an attorney to contest the judgment in Cumberland County. Plaintiff contends that after his counsel filed a motion on his behalf, Defendants called Plaintiff to discuss the case. He contends that Defendants acted surprised to hear he had an attorney, despite having notice of the motions filed in the case. Eventually, Plaintiff's attorney moved to vacate the judgment, and the uncontested motion was allowed by the presiding state court judge on November 24, 2009, and the foreign judgment was stricken from the docket.

In the complaint, Plaintiff contends he is entitled to statutory damages, costs and attorney fees, as well as actual damages because of the "financial issues when he tried to refinance his house, anxiety, anger, frustration, emotional distress, inconvenience, missed work, attorney's fees, and litigation expenses incurred in defending himself against the unlawfully placed judgment." Compl. [DE-1] ¶ 59.

2

Defendants filed their answer on April 9, 2010, and asserted thirteen affirmative defenses in their answer. The first affirmative defense consisted of the Defendants' detailed responses to each of Plaintiff's allegations in the complaint. The remainder of the affirmative defenses are as follows:

### SECOND DEFENSE
The Complaint fails to state a claim upon which relief can be granted and should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### THIRD DEFENSE
The plaintiff's claims are barred under the applicable statutes of limitations and the same is pled as an absolute bar to the plaintiff's recovery.

### FOURTH DEFENSE
Any violation of law by defendants, which is specifically denied, was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adopted to avoid any such error.

### FIFTH DEFENSE
Even if the Court should find that defendant committed the FDCPA violation alleged by plaintiff in his Complaint, which is denied, said violation was de minimis and is not the type of violation for which the purpose and intent of the FDCPA was proscribed.

### SIXTH DEFENSE
To the extent plaintiff is entitled to damages, which defendants deny, the plaintiff's recovery is limited to statutory limitations set forth in 15 U.S.C. § 1692[.]

### SEVENTH DEFENSE
If plaintiff was injured or damaged, any and all such injury was a proximate result of the intervening and/or superseding acts and/or omissions of persons and/or entities not under the control of defendants.

### EIGHTH DEFENSE
If plaintiff was injured or damaged, any and all injury or damage was as a proximate result of circumstances beyond the control of defendants.

### NINTH DEFENSE
If plaintiff was injured or damaged, any and all such injury or damage was as a proximate result of the acts and/or omissions of persons and/or entities not under the control of defendants.

### TENTH DEFENSE
If, in fact, defendants performed any wrongful acts, which is specifically denied, such acts were not performed knowingly, purposefully, with malicious purpose, in bad faith, intentionally, recklessly, willfully, or wantonly.

3

### ELEVENTH DEFENSE
At all pertinent times, defendants acted in compliance with the Federal Trade Commission regulations, Federal Trade Commission staff commentary and letter commentaries, and/or Federal Trade Commission advisory opinions.
### TWELFTH DEFENSE
Plaintiff's claims are barred by the doctrines of laches, waiver, and/or estoppel.
### THIRTEENTH DEFENSE
Plaintiff failed to mitigate his damages.
### FOURTEENTH DEFENSE
Defendants may specifically reserve their right to assert such other and affirmative defenses as the same may arise.

Answer [DE-5] at pp. 9-10.

On April 30, 2010, Plaintiff filed a motion to strike affirmative defenses pursuant to Rule 12(f) of the Federal Rules of Civil Procedure. Plaintiff directly challenges nine of the affirmative defenses asserted by defendants, while also suggesting that the remaining defenses are deficient as well. Specifically, Plaintiff suggests that the plausibility standard set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. ___, 129 S.Ct. 1937 (2009) should apply to affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, and contends that all of the affirmative defenses asserted by Defendants "contain no facts whereby plaintiff cannot conceivably be put on notice as to the factual and legal basis for the purported defenses." Mem. in Support [DE-9] at p. 2. Additionally, Plaintiff argues that specific defenses are frivolous or legally insufficient.

Defendants, in response, contend that the plausibility standard enunciated in *Twombly* and *Iqbal* do not apply to affirmative defenses. Defendants also proffer offer reasons why some of their affirmative defenses are neither frivolous or legally insufficient.

## II. STANDARD OF REVIEW

Rule 12(f) of the Federal Rules of Civil Procedure provides, in pertinent part, that a "court may strike from a pleading an insufficient defense . . . ." FED. R. CIV. P. 12(f). "A defense is insufficient 'if it is clearly invalid as a matter of law.' " *Spell v. McDaniel*, 591 F. Supp. 1090, 1112 (E.D.N.C. 1984)(quoting *Anchor Hocking Corp. v. Jacksonville Elec. Authority*, 419 F.Supp. 992, 1000 (M.D.Fla. 1976)). When reviewing a motion to strike, "the court must view the pleading under attack in a light most favorable to the pleader." *Clark v. Milam*, 152 F.R.D. 66, 71 (S.D.W.Va. 1993).

The Fourth Circuit has cautioned that "Rule 12(f) motions are generally viewed with disfavor 'because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory tactic.' " *Waste Mgmt. Holdings Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001)(quoting 5C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 1380 (2d ed. 1990)). Regardless, if a movant can show that a defense clearly is insufficient, the court should grant the motion to strike. *See Spell*, 591 F.Supp. at 1112. Given the disfavored status of Rule 12 (f) motions to strike defenses, however, a defendant normally is allowed leave to amend the answer. *Banks v. Realty Mgmt. Serv. Inc.*, No. 1:10-CV-14, 2010 WL 420037, at *1 (E.D.Va. Jan. 29, 2010)(citing 5C WRIGHT & MILLER § 1381).

5

## III. ANALYSIS

### A. Pleading Requirements for Affirmative Defenses

Plaintiff contends Defendants "have failed to provide any factual underpinnings of their affirmative defenses and instead only provide conclusory and improper defenses." Mem. in Support [DE-9] at p. 4. He implicitly suggests the pleading requirements for complaints, as set forth in *Twombly* and *Iqbal*, apply equally to affirmative defenses in answers. *Id.* ("[T]he pleader must always provide sufficient information to allow the receiving party fair notice. This must include the 'who, what, where, and when' that underlie the pleading."). Defendants, on the other hand, maintain the plausibility standard set forth in *Ashcroft* and *Iqbal* (which they refer to as a heightened pleading standard) does not extend to affirmative defenses.

#### 1. *Twombly* and *Iqbal* cases

In *Twombly*, the Supreme Court explained that to prevail against a motion to dismiss, a plaintiff must plead sufficient facts to "state a claim to relief that is plausible on its face." 550 U.S. at 570. Under this plausibility standard, a complaint need not contain "detailed factual allegations"–but it must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* at 555.

In *Iqbal*, the Supreme Court further explained the process a district court should use when reviewing a motion to dismiss a claim under Rule 12(b)(6). First, a court should "identify pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." 129 S.Ct. at 1950. Second, a court should the "assume the veracity" of any well-pleaded factual allegations, and "then determine whether they plausibly give rise to an entitlement to relief." *Id.* "The plausibility standard is not asking to a 'probability requirement,' but it asks for

6

more than a sheer possibility that defendant has acted unlawfully." *Id.* (quoting *Twombly*, 440 U.S. at 556.). The Court also explained: "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949.

## 2. Application of *Twombly* and *Iqbal* to affirmative defense

Neither the Fourth Circuit Court of Appeals, nor any other circuit court of appeals, has addressed whether *Twombly* and *Iqbal* should be interpreted as applying to affirmative defenses. There is a split of authority among the district courts to address the question. The majority of the district courts–including every district court within the Fourth Circuit to have considered the issue–have concluded that the plausibility standard articulated in *Twombly* and *Iqbal* applies to the pleading of affirmative defenses. *See, e.g., Francisco v. Verizon South, Inc.*, No. 3:09cv737, 2010 WL 2990159 at **7-8 (E.D.Va. July 29, 2010)(collecting cases)[1]; *Bradshaw v. Hilco*

---

[1] The Eastern District of Virginia noted that in the following cases district courts hewed to the majority view:
*Local 165 v. DEM/EX Group Inc.*, No. 09-1356, 2010 WL 971811, at *2 (C.D.Ill. Mar. 11, 2010); *OSF Healthcare Sys. v. Banno*, No. 08-1096, 2010 WL 431963, at *2 (C.D.Ill. Jan. 29, 2010); *Hayne v. Green Ford Sales, Inc.*, 263 F.R.D. 647, 649-50 (D.Kan.2009); *Tara Prods., Inc. v. Hollywood Gadgets, Inc.*, No. 09-61436-CIV, 2009 WL 4800542, at *1 (S.D.Fla. Dec. 11, 2009) **(finding that defendants must provide fair notice of affirmative defenses and the grounds on which they rest)**; *Burget v. Capital W. Sec., Inc.*, No. CIV-09-1015-M, 2009 WL 4807619, at *2 (W.D.Okla. Dec. 8, 2009); *Bankof Montreal v. SK Foods, LLC*, No. 09 C 3479, 2009 WL 3824668, at *2 (N.D.Ill. Nov. 13, 2009) **(holding that affirmative defenses must meet pleading standards set forth in Rules 8 and 9)**; *Tracy v. NVR, Inc.*, No. 04- CV-6541L, 2009 WL 3153150, at *7 (W.D.N.Y. Sept. 30, 2009); *GreenheckFan Corp. v. Loren Cook Co.*, No. 08-cv-335-jps, 2008 WL 4443805, **at *1-2 (W.D.Wis. Sept. 25, 2008)**; *In re Mission Bay Ski & Bike, Inc.*, Nos. 07 B 20870, 08 A 55, 2009 WL 2913438, at *6 (Bankr.N.D.Ill. Sept. 9, 2009); *Kaufmann v. Prudential Ins. Co. of Am.*, No. 09-10239-RGS, 2009 WL 2449872, at *1 (D.Mass. Aug. 6, 2009) **(court inclined to think that defendants have the same Rule 8 obligations as do plaintiffs)**; *Shinew v. Wszola*, No. 08-14256, 2009 WL 1076279, at *3

*Receivables, LLC* \_\_\_ F. Supp.2d \_\_\_, 2010 WL 2948181 at *3 (D.Md. July 27, 2010); *Palmer v. Oakland Farms, Inc.*, No. 5:10cv00029, 2010 WL 2605179 at *5 (W.D.Va. June 24, 2010). The reasoning cited by these courts typically is two-fold. First, the courts recognize that what is good for the goose is good for the gander, and reason that "it makes neither sense nor is it fair to require a plaintiff to provide the defendant with enough notice that there is a plausible, factual basis for her claim under one pleading standard and then permit a defendant under another pleading standard simply to suggest that some defense may possibly apply in the case." *Palmer*, 2010 WL 2605179 at *4. Second, the courts note that "[b]oilerplate defenses clutter the docket and . . . create unnecessary work" and extended discovery. *Safeco*, 2008 WL 2558015 at *1.

A minority of courts have refused to extend the plausibility standard to the pleading of affirmative defenses. *See Francisco*, 2010 WL 2990159 at *6 n.4 (collecting cases).[2] These

---

(E.D.Mich. Apr. 21, 2009); **Aspex Eyewear, Inc. v. Clariti Eyewear, Inc., 531 F.Supp.2d 620,623 (S.D.N.Y.2008) ("Mere conclusory assertions are not sufficient to give plaintiffs notice of the counterclaims and defenses and, thus, do not meet** Rule 8(a)'s **pleading standards.");** *Stoffels ex rel. SBC Tel. Concession Plan v. SBC Commc'ns, Inc.*, No. 05-CV-0233-WWJ, 2008 WL 4391396, at *1 (W.D.Tex. Sept. 22, 2008); *Safeco Ins. Co. of Am. v. O'Hara Corp.*, No. 08-CV-10545, 2008 WL 2558015, at *1 (E.D. Mich. June 25, 2008); *Holtzman v. B/E Aerospace, Inc.*, No. 07-80551-CIV, 2008 WL 2225668, at *2 (S.D.Fla. May 29, 2008); *United States v. Quadrini*, No. 2:07-CV-13227, 2007 WL 4303213, at *3-4 (E.D.Mich. Dec. 6, 2007); **Home Mgmt. Solutions, Inc. v. Prescient, Inc., No. 07-20608, 2007 WL 2412834, at *3 (S.D.Fla. Aug. 21, 2007).**

*Francisco*, **2010 WL 20000159 at *6 n.3. Since the decision in** *Francisco*, **at least other court has joined the majority view. *See Castillo v. Roche Laboratories, Inc.*, No. 10-20876-CIV, 2010 WL 3027726 (S.D.Fla. Aug. 2, 2010).**

[2] The *Francisco* court cited the following cases as declining to extend the plausibility standard to affirmative defenses:

*Ameristar Fence Prods., Inc. v. Phoenix Fence Co.*, No. CV-10-299-PHXDGC, 2010 WL 2803907, at *1 (D.Ariz. July 15, 2010); *McLemore v. Regions Bank*, Nos. 3:08cv0021, 3:08cv1003, 2010 WL 1010092, at *13 (M.D.Tenn. Mar. 18,

courts reason that *Twombly* and *Iqbal* addressed only Rule 8(a)[3] of the Federal Rules of Civil Procedure, and neither Rule 8(b)[4] nor Rule 8(c)[5] contain the same language. *See First National Insurance*, 2009 WL 22861 at *2. Additionally, courts have noted that it may be unfair to require a defendant, who has only 21 days to respond to a complaint, to adhere to the same pleading standard as a plaintiff who often enjoys significantly greater time to develop factual support for claims. *See Palmer*, 2010 WL 2605179 at *4.

This court, however, agrees with the district courts within the Fourth Circuit that have considered the question and concludes that "the considerations of fairness, common sense and litigation efficiency underlying *Twombly* and *Iqbal*" mandate that the same pleading requirements apply equally to complaints and affirmative defenses. *Id.* at *5. *See also Francisco*, 2010 WL 2990159 at * 7 ("[T]he purpose of pleading requirements is to provide enough notice to the opposing party that indeed there is some plausible, factual basis for the

---

> 2010); *Holdbrook v. SAIA Motor Freight Line, LLC*, No. 09-cv-02870-LTB-BNB, 2010 WL 865380, at *2 (D.Colo. Mar. 8, 2010); *Charleswell v. Chase Manhattan Bank, N.A.*, No. 01-119, 2009 WL 4981730, at *4 (D.V.I. Dec. 8, 2009); *Romantine v. CH2M Hill Eng'rs, Inc.*, No. 09-973, 2009 WL 3417469, at *1 (W.D.Pa. Oct. 23, 2009); *First Nat'l Ins. Co. of Am. v. Camps Servs., Ltd.*, No. 08-cv-12805, 2009 WL 22861, at *2 (E.D.Mich. Jan. 5, 2009); **Westbrook v. Paragon Sys., Inc., No. 07-0714-WS-C, 2007 U.S. Dist. LEXIS 88490, at *2 (S.D. Ala. Nov. 29, 2007).**

*Francisco*, **2010 WL 2990159 at *6 n.4.**

---

[3] Rule 8(a)(2) mandates that "[a] pleading that states a claim for relief must contain a short and plain statement of the claim that showing that the pleader is entitled to relief."

[4] Rule 8(b)(1)(A) requires a defendant's answer to "state in short and plain terms its defense to each claim asserted against it."

[5] Rule 8(c) requires parties to "affirmatively state any . . . affirmative defense."

9

assertion and not simply a suggestion of possibility that it may apply to the case. An even-handed standard as related to pleadings ensures that the affirmative defenses supply enough information to explain the parameters of and basis for an affirmative defense such that the adverse party an reasonably tailor discovery.")(internal quotations and citations omitted, alteration in original). The court also notes that applying the same pleading requirements to defendants should not stymie the presentation of a vigorous defense, because under Rule 15(a) of the Federal Rules of Civil Procedure, a defendant may seek leave to amend its answers to assert defenses based on facts that become known during discovery.

## B. Challenged Affirmative Defenses

Accordingly, the court will now turn to the affirmative defenses asserted by Defendants to determine if they have been pleaded in manner that is "intelligible, gives fair notice, and is plausibly suggested by the facts." *Palmer*, 2010 WL 2605179 at *5. "At a minimum, the facts asserted in an affirmative defense, and the reasonable inferences that may be drawn from those facts, must plausibly suggest a cognizable defense." *Topline Solutions, Inc. v. Sandler Sys., Inc.*, Civ. No. L-09-3102, 2010 WL 2998836 at *1 (D.Md. July 27, 2010).

### 1. Second Affirmative Defense of Failure to State a Claim

Defendants' second affirmative defense states: "The Complaint fails to state a claim upon which relief can be granted and should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure." Answer [DE-5] at p. 9. Other courts that have applied the plausibility standard to pleading to affirmative defenses have ruled that such a conclusory defense must be stricken. *See Castillo*, 2010 WL 3027726 at *4 (ruling that a defense contending "Plaintiff's Complaint fails, in whole or in part, to state a claim upon which relief may be granted" is

"insufficient as it is no more than the a recitation of the standard for dismissal under Rule 12(b)(6) and fails to notify Plaintiff of the deficiencies in the Complaint"); *Topline*, 2010 WL 2998836 at **1-2 (striking the affirmative defense "[t]he Complaint fails to state a claim upon which relief can be granted" because it contained no facts and was "too conclusory to provide fair notice of the grounds on which" it stood). Accordingly, Defendants' second affirmative defense is stricken, with leave to amend to provide the requisite factual particularity.

### 2. Third Affirmative Defense of Statute of Limitations

Defendants' third affirmative asserts: "The plaintiff's claims are barred under the applicable statute of limitations and the same is pled as an absolute bar to the plaintiff's recovery." Answer [DE-5] at p. 9. Again, courts have stricken similarly-worded affirmative defenses for failure to reference the specific statute and relevant time periods. *See, e.g., Topline*, 2010 WL 2998836 at *2; *Hayne*, 263 F.R.D. at 651 (explaining that "a defense of limitations might be asserted by alleging the number of years between the accrual of the claim and the commencement of the action" so that the pleader can show "some valid premise for asserting the defense and is not merely tossing it into the case like a fish hook without bait"). Defendants' third affirmative defense, therefore, is stricken.

The court notes that Plaintiff appears to argue that the statute of limitations defense cannot apply, as a matter of law, because Defendants have admitted that certain actions took place within the one-year statute of limitations applicable to the FDCPA. *See* 15 U.S.C. § 1692(d). As Defendants note, however, Plaintiff does include allegations concerning actions that

11

Case 5:10-cv-00066-F Document 15 Filed 10/06/10 Page 11 of 17

occurred, or may have occurred, outside the statute of limitations. Therefore, Defendants are given leave to amend their answer to provide the requisite factual particularity.[6]

### 3. Fourth Affirmative Defense of Bona fide error

Defendants' fourth affirmative defense contends: "Any violation of law by defendants, which is specifically denied, was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." Answer [DE-5] at p. 9. Defendants have essentially copied the language in 15 U.S.C. § 1692k(c), but have not provided any notice of the specific error upon which it relies to assert the defense. Consequently, Defendants' fourth affirmative defense is stricken with leave to amend to cure this pleading deficiency. *See Bradshaw*, ___ F.Supp.2d at ___, 2010 WL 294818 at *4. Of course, any attempt to replead the affirmative defense of bona fide error must be in accordance with the Supreme Court's recent ruling that the defense does not apply "to a violation resulting from a debt collector's mistaken interpretation of the legal requirements of the FDCPA." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, ___ U.S. ___, 130 S.Ct. 1605, 1608 (2010).

### 4. Fifth Affirmative Defense *De minimis* violation

Defendants assert, as their fifth affirmative defense: "Even if the Court should find that defendant committed the FDCPA violation alleged by the plaintiff in his Complaint, which is denied, said violation was de minimis and is not the type of violation for which the purpose and intent of the FDCPA was proscribed." Answer [DE-5] at p. 9.

---

[6] Given the brevity of the parties' briefing on this particular affirmative defense, the court is *not* reaching the question of whether any portion of the Plaintiff's FDCPA claim is barred by the statute of limitations.

12

Plaintiff argues this defense must be stricken because the FDCPA is a strict liability statute, and "[a]bsent the successful litigation of the bona fide error defense, any violation establishes statutory liability, making the offending debt collector responsible for statutory damages, any provable actual damages, and reasonable attorney fees and costs to the successful plaintiff." Mem. in Support [DE-9] at p. 9. In other words, Plaintiff contends that a *de minimis* defense is never applicable to a FDCPA claim.

Defendants, however, contend that courts have the discretion to decline to award statutory damages where the violation of the FDCPA is *de minimis*. *See Pipiles v. Credit Bureau of Lockport, Inc.*, 886 F.2d 22, 28 (2d Cir. 1989)(affirming district court's decision not to award statutory damages where defendant did not intend to deceive or harass the plaintiff and there was no evidence that defendant "frequently or persistently" violated the FDCPA); *Emanuel v. American Credit Exchange*, 870 F.2d 805, 809 (2nd Cir. 1989)(finding that a plaintiff was not entitled to statutory damages where the violation of the FDCPA consisted of sending one letter that neglected to inform the plaintiff that information provided by the plaintiff would be used to collect a debt). Defendants appear to implicitly accept that they cannot be completely absolved of liability upon a finding that any alleged violation is *de minimis*; instead, they appear to suggest, via the cases they cite, that the *de minimis* nature of any alleged violation is relevant to Plaintiff's claim for damages. Notably, the asserted defense does not mention damages or injury suffered by the Plaintiff. Therefore, it is unclear how the Plaintiff would be on notice that this defense is meant to apply to the measure of the available remedies under the FDCPA.

Accordingly, the fifth affirmative defense is stricken. The court will, however, allow Defendants leave to replead this defense in a more specific manner and with the needed factual

13

particularity. Because the Defendants have cited authority showing that the *de minimis* nature of a violation *may* be relevant to the valuation of statutory damages, the court cannot conclude at this time that such defense is legally insufficient.

### 5. Sixth affirmative defense

As their sixth affirmative defense, Defendants assert: "To the extent plaintiff is entitled to damages, which defendants deny, the plaintiff's recovery is limited to statutory limitations set forth in 15 U.S.C. § 1692." Answer [DE-5] at p. 9. The court finds that this meets the fair notice pleading standard of *Twombly-Iqbal*.

### 6. Seventh, eighth, and ninth affirmative defenses

Defendants assert, as their seventh, eighth, and ninth defenses, that if Plaintiff was injured or damaged, such injury "was a proximate result of the intervening and/or superseding acts and/or omissions or persons and/or entities not under the control of defendants" or "was as a proximate result of circumstances beyond the control of defendants" or "was as a proximate result of the acts and/or omissions of persons and/or entities not under the control of defendants." Answer [DE-5] at pp. 9-10. The court finds that these boilerplate affirmative defenses, with no assertion of any facts that would allow drawing of reasonable inference that such defenses are plausible, fail to meet the notice pleading standard. *See Burns v. Dodeka, LLC*, No. 4:09-CV-19-BJ, 2010 WL 1903987 at *1 (N.D. Tex. May 11, 2010)(explaining that a defendant's affirmative defense of proximate cause that was "wholly conclusory" and "fail[ed] to plead any facts that demonstrate the plausibility of such defenses" must be stricken).

The court recognizes that Plaintiff argues that any "proximate cause" defense is insufficient as a matter of law as incompatible with the FDCPA. The court, however, assumes

14

without deciding at this time, that such a defense may be applicable in as much as Plaintiff claims actual damages under the FDCPA. Therefore, Defendants are given leave to amend their answer to provide the requisite factual particularity.

### 7. Tenth affirmative defense condition of the mind

Defendants assert in their tenth affirmative defense: "If, in fact, defendants performed any wrongful acts, which is specifically denied, such acts were not performed knowingly, purposely, with malicious purpose, in bad faith, intentionally, recklessly, willfully, or wantonly." Answer [DE-5] at p. 10. The court finds that this defense meets the notice pleading requirements of *Twombly-Iqbal*, because it pleads a condition of the mind, and therefore complies with Rule 9(b) of the Federal Rules of Civil Procedure. *Palmer*, 2010 WL 2605179 at *6 (concluding that affirmative defenses pleading good faith and the absence of improper motive comply with Rule 9(b) and therefore should not be stricken). Notwithstanding Plaintiff's arguments to the contrary, the court assumes, for the time being, that such a defense may be applicable to Plaintiff's claims for actual damages and the valuation of statutory damages.

### 8. Eleventh affirmative defense compliance with Federal Trade Commission

Defendants' eleventh affirmative defense states: "At all pertinent times, defendants acted in compliance with the Federal Trade Commission regulations, Federal Trade Commission staff commentary and letter commentaries, and /or Federal Trade Commission advisory opinions." Answer [DE-5] at p. 10. It is unclear to the court how this constitutes a "defense" to Plaintiff's claims. In any event, Plaintiff does not directly challenge this affirmative defense, and the court declines to strike it.

### 9. Twelfth affirmative defense of doctrines of laches, waiver, and/or estoppel

Defendants' twelfth affirmative defense contends that the doctrines of laches, waiver and/or estoppel bar Plaintiff's claim. Answer [DE-5] at p. 10. The court determines that this defense fails to meet the notice pleading requirements because it is a bare legal conclusion. *Palmer*, 2010 WL 2605179 at *6.

Plaintiff also argues that these defenses are inapplicable to this action. Because Defendants have failed to provide any factual predicate for the assertion of this defense, the court cannot yet disagree or agree with Plaintiff's contention. The court therefore will grant leave to amend the answer with respect to this defense.

### 10. Thirteenth affirmative defense failure to mitigate damages

Similarly, Defendants' thirteenth affirmative defense, asserting "Plaintiff failed to mitigate his damages," Answer [DE-5] at p. 10, also must be stricken. Defendants fail, again, to provide any factual basis that would allow the inference that this defense is plausible. *Cf. Francisco*, 2010 WL 2990159 at *9 (finding that the affirmative defense of failure to mitigate damages was adequately pled where the defendant alleged the plaintiff failed to apply for another job within a specified time period). Although Plaintiff contests the applicability of this defense in its entirety, the court will assume, for the time being, that such a defense–if it is pleaded with an adequate factual basis–may be applicable to Plaintiff's claim for actual damages, and therefore Defendants are granted leave to amend the answer with respect to this defense to provide an adequate factual basis.

16

**11. Fourteenth affirmative defense of reservation of rights to assert additional defense**

In their fourteenth affirmative defense, Defendants "specifically reserve their right to assert such other and affirmative defenses as the same may arise." Answer [DE-5] at p. 10. Like the Western District of Virginia, this court finds this assertion to be "unnecessary" and subject to be stricken because it "is simply not a defense of any kind, much less an affirmative one." *Palmer*, 2010 WL 2605179 at *6. The fourteenth affirmative defense is therefore stricken.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Strike [DE-8] is ALLOWED in part. Specifically, the following defenses asserted in the Answer are STRICKEN: Defendants' Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Twelfth, Thirteenth, and Fourteenth defenses. The Motion is DENIED with respect to Defendants' Sixth, Tenth and Eleventh defenses. The court, however, grants leave to Defendants to file, within fourteen (14) days of the filing date of this order, an amended answer curing the pleading defects noted herein.

SO ORDERED.

This the 6th day of October, 2010.

JAMES C. FOX
Senior United States District Judge